UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:21cr128 HTW-LGI

DAVID LUKE LANE  18 U.S.C. § 1344

**The United States Attorney charges:**

At all times relevant to this Information:



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV -8 2021
ARTHUR JOHNSTON
BY_____ DEPUTY

## INTRODUCTION

1. Defendant **DAVID LUKE LANE ("LANE")** is a resident of Mississippi who was involved in a property management business and whose primary place of business was in Flowood, Mississippi.

2. During all times relevant to this Information, **LANE,** through his business Ridgeway, Lane & Associates, Inc., entered into contracts with numerous homeowners' associations ("HOA's") to manage the funds and property of the HOA's in return for a fee. Part of the duties of **LANE** included keeping the funds of each HOA in designated bank accounts and using those funds for the exclusive and sole benefit of each HOA.

## THE SCHEME AND ARTIFICE TO DEFRAUD

3. Beginning at a time unknown to the United States Attorney, but at least as early as 2016, and continuing through 2020 in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant **DAVID LUKE LANE**, did knowingly and intentionally devise a scheme and artifice to defraud numerous HOA's by fraudulently making unauthorized withdrawals from HOA bank accounts and by transferring and converting these unauthorized withdrawals to other bank accounts controlled by **LANE**. It was part of the scheme

that **LANE** entered into contracts with numerous HOA's to manage their funds and property for their benefit, that **LANE** failed to use HOA funds as promised, that **LANE** exceeded his authority by making unauthorized withdrawals, and that **LANE** misappropriated and converted HOA's funds to **LANE's** own benefit and the benefit of others without the knowledge or authorization of the HOA's.

4. The object of the scheme was to cause HOA's to entrust the funds collected from homeowners to **LANE** that were for the benefit of the HOA's. It was part of the scheme that **LANE** provided documents and correspondence to the HOA's that gave false accounts balances and misled the HOA's into believing that the funds of the HOA's had not been used for purposes other than for the benefit of each HOA when in fact **LANE** then and there knew that the money had been withdrawn and was being used for unauthorized purposes. Defendant **LANE** made unauthorized transfers of money from the respective bank accounts of the HOA's for purposes that were not for the benefit of the HOA's, including expenditures for **LANE's** personal benefit.

## COUNT 1 – BANK FRAUD

For a period of years, the exact starting date unknown to the United States Attorney, to the date of this Information, in Rankin County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant **DAVID LUKE LANE** ("**LANE**") knowingly devised and executed a scheme and artifice to defraud and to obtain money in the amount of several hundred thousand dollars under the custody and control of Community Bank of Mississippi, headquartered in Forest, Mississippi, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, including by making unauthorized transfers of funds held in accounts for the sole benefit of HOA's and by means of materially false and fraudulent

pretenses, representations and promises, including by presenting false or fraudulent documents that included documents falsely stating the bank account balances of HOA's, all in violation of Title 18, United States Code, Section 1344.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Information, the defendant **DAVID LUKE LANE** shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant's, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981 and 982; and Title 28, United States Code, Section 2461.

_____
DARREN J. LAMARCA
Acting United States Attorney