# PLEA AGREEMENT



| | |
|---|---|
| Subject:<br>**United States v. David L. Lane**<br>Criminal No. 3:21-CR-128HTW LGI | Date:<br>November 9, 2021 |

**To:**
Merrida P. Coxwell
Coxwell & Associates PLLC
500 North State Street
Jackson, MS 39201

**From:**
David H. Fulcher
Assistant United States Attorney
Southern District of Mississippi
Criminal Division

DAVID L. LANE, Defendant herein, and MERRIDA P. COXWELL, attorney for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

**1.      Count of Conviction.**   It is understood that, as of the date of this plea agreement, Defendant and Defendant's attorney have indicated that Defendant desires to waive Indictment by a grand jury and to proceed on a Criminal Information charging him with bank fraud. Defendant and Defendant's attorney have also indicated that Defendant desires to plead guilty under oath to a Criminal Information charging Defendant with a bank fraud in violation of 18 U.S.C. § 1344 and to admit all of the conduct of the entire scheme and artifice to defraud as set forth therein.

**2.      Sentence.**   Defendant understands that the penalty for the offense of Bank Fraud, in violation of Title 18, United States Code, Section 1344, is not more than 30 years in prison; a term of supervised release of not more than 5 years; and a fine of up to $1,000,000.

Defendant further understands that a term of supervised release will be imposed, and the term of supervised release will be in addition to any prison sentence Defendant receives. Furthermore, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law.

1

Defendant further understands that Defendant is liable to make restitution for the full amount of the loss determined by the Court, to include relevant conduct, which amount is not limited to the count of conviction.   Defendant further understands that if the Court orders Defendant to pay restitution, restitution payments cannot be made to the victim directly but must be made to the Clerk of Court, Southern District of Mississippi.

**3.      Determination of Sentencing Guidelines.**   It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

**4.      Breach of This Agreement and Further Crimes.**   It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any further crimes, then, at its discretion, the U.S. Attorney may treat such conduct as a breach of this plea agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge.

**5.      Financial Obligations.**   It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title18, United States Code, Section 3013, to the Office of the United States District Court Clerk; Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office.   If the Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613.   Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than seven days after the day that the guilty plea is entered and to provide the same to the undersigned AUSA.   Defendant also agrees to provide all of Defendant's financial information to the Probation Office. If requested by the U.S. Attorney's Office or by the Probation Office, Defendant agrees to

participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.   If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments.   Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

6.      **Transferring and Liquidating Assets.**   Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed.   Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed, and if Defendant fails to do so, the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

7.      **Future Direct Contact With Defendant.**   Defendant and Defendant's attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release.   Further, Defendant and Defendant's attorney understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court.   If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court.   Defendant and Defendant's attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

8.      **Waivers.**   Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly

3

waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):

a.       the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever; and

b.       the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c.       any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d.       all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e.       Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues.   Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

f.       Defendant further acknowledges that Defendant's attorney has advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.   Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement and accompanying Plea Supplement, along with any and all factual statements made, adopted, or admitted by Defendant in any form or forum, including at Defendant's plea hearing, can be used against Defendant, without

limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse as to any part of this Plea Agreement and accompanying Plea Supplement and/or should Defendant commit any further crimes, regardless of whether this Plea Agreement and accompanying Plea Supplement have been accepted by the Court.   Defendant specifically waives any objection—pursuant to Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other basis—to the use of any and all facts or information to which the Defendant admits or adopts in conjunction with this Plea Agreement or otherwise, including facts and information admitted or adopted by Defendant in open court during Defendant's plea hearing. **Defendant admits to being guilty of bank fraud as alleged in the Criminal Information.**

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement and accompanying plea supplement.**

9.    **Forfeiture.**   The Defendant understands that any forfeiture order entered by the court is mandatory and is a part of his sentence.   The Defendant agrees that he is pleading guilty to a scheme to defraud, and as such, he agrees to (and does hereby) immediately and voluntarily forfeit to the United States of America all assets and property subject to forfeiture as a result of Defendant's illegal conduct as charged in each and every Count set forth in the Information in this case (including those to which the Defendant did not enter a plea of guilty), regardless of the location of the assets and regardless of who is in possession, custody or control of the assets. The Defendant agrees to forfeit any asset that the United States determines him to have or have had an ownership or possessory interest in at any time relevant to the Information.   The Defendant agrees to enter into an Agreed Preliminary Order of Forfeiture immediately following the entry of his guilty plea or at such time as directed by the U.S. Attorney's Office and agrees to truthfully account for and characterize the nature and value of all of his assets

Further, relative to the forfeiture herein, the Defendant agrees as follows:

a.    to fully assist the government in the recovery and return to the United States of any assets, property, or portions thereof, as described above, and to make an immediate, truthful, and complete disclosure to the appropriate federal agent of all assets and property, real and personal, over which Defendant exercises dominion and control, including property in a nominee name or otherwise secreted, together with a proper description thereof;

b.    to take any actions deemed necessary by the United States Attorney to substantiate the truthfulness of any of Defendant's disclosures;

5

c.      Defendant does hereby, forfeit, release, and/or transfer all interests in the property described above, and agrees to take all steps deemed necessary by the United States Attorney to ensure that clear title, ownership, and possession vests in the United States of America, including, but not limited to, the signing of all instruments necessary to pass title, the approval and signing of any stipulation for judgment or consent decree of forfeiture, and of any other documents necessary to effectuate such transfers and vest clear title in the Government;

d.      not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case; that he waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment; that a default or final judgment of forfeiture may be entered against his interest without further notice to him or to his attorney;

e.      that the Defendant has/had an interest in the above-described property; and such property constitutes, or was proceeds the Defendant obtained, directly or indirectly, as a result of the violation charged in the Indictment and/or it is property that the Defendant used to commit, or to facilitate the commission of the offense(s) charged in the Indictment, and/or it is property that was involved in the offense(s) charged in the Indictment. The Government reserves the right to proceed against any assets not identified either in this agreement or in any civil actions that are resolved along with this plea of guilty if said assets constitute or are derived from the proceeds of any of the violations contained in the Indictment or if said assets facilitated such violations, or if said assets were involved in such violations; and

f.      if the United States determines that property identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above.   This Court shall retain jurisdiction to settle any disputes arising from application of this cause.   The Defendant agrees that forfeiture of substitute assets, as authorized in this agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of the Defendant's sentence and that forfeiture of the asset(s) described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

g.      By entering into this Plea Agreement and Plea Supplement, the Defendant waives all right to any further notice or right to participate in the ancillary proceeding or any other proceeding pertaining to this forfeiture.   The Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

h.      The Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his/her right to be informed of any potential forfeiture at the time his guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

i.      The Defendant understands that his failure to perform the obligations relating to forfeiture void this Plea Agreement and Plea Supplement in its entirety at the option of the government

10.     **Complete Agreement.**   It is further understood that the Plea Agreement and the Plea Supplement completely reflect all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

**Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:**

1.   **READ BY OR TO DEFENDANT;**
2.   **EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;**
3.   **UNDERSTOOD BY DEFENDANT;**
4.   **VOLUNTARILY ACCEPTED BY DEFENDANT; and**
5.   **AGREED TO AND ACCEPTED BY DEFENDANT.**

WITNESS OUR SIGNATURES, as set forth below.

DARREN J. LAMARCA
Acting United States Attorney

By DAVID H. FULCHER
Assistant United States Attorney

11/9/21
Date

DAVID L. LANE
Defendant

11-9-21
Date

MERRIDA P. COXWELL
Attorney for Defendant

11-09-2021
Date

7